IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESSY LAUDERDALE | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. 3:10-CV-1462-O |
| | § | JURY |
| CITY OF GREENVILLE, TEXAS; | § | |
| HUNT COUNTY, TEXAS; SHERIFF | § | |
| RANDY MEEKS in his official capacity; | § | |
| JUDGE JOHN HORN in his official | § | |
| capacity; and DUSTIN RAY | § | |
| Defendants | § | |

**ORIGINAL ANSWER OF HUNT COUNTY TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendants Hunt County, Texas, Sheriff Randy Meeks, in his official capacity, and County Judge John Horn, in his official capacity (jointly, "Hunt County," "the County" or "Defendant") and file this their Original Answer to Plaintiff's Second Amended Complaint ("Plaintiff's Complaint") and would respectfully show the Court as follows:

### STATEMENT OF CLAIM

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the City of Greenville contained in the unnumbered paragraph in the "Statement of Claim" section of Plaintiff's Complaint. Defendant denies the allegations regarding Hunt County contained in the unnumbered paragraph in the "Statement of Claim" section of Plaintiff's Complaint. Defendant admits that Plaintiff seeks the relief requested, but denies she is entitled to any such relief.

### PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that the City of Greenville is a municipality under the laws of the State of Texas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that it is a political subdivision of the State of Texas, that Sheriff Meeks is the Sheriff of Hunt County, that Judge John Horn is the County Judge of Hunt County, and that Defendant has been served in this lawsuit. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

6. Defendant admits that the Court has jurisdiction over Plaintiff's claims.

7. Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

### STATEMENT OF FACTS

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding messages or notes that Plaintiff conveyed to City of Greenville police officers contained in paragraph 23 of Plaintiff's Complaint. Defendant admits that Plaintiff was transported to the Hunt County Jail. Defendant denies the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that Plaintiff communicated with a Hunt County jailer using sign language. Defendant denies the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 29 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30.  Defendant admits that Plaintiff was arraigned by a judge.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31.  Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.  Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.  Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.  Defendant admits that the charges against Plaintiff were rejected.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35.  Defendant admits that Plaintiff was released on August 26, 2009.  Defendant admits that Plaintiff was escorted to a women's shelter after she was released.  Defendant denies the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

36.  Defendant denies that it refused any reasonable accommodations.  Defendant denies the remaining allegations contained in paragraph 36 of Plaintiff's Complaint.

37.  Defendant admits that Plaintiff was escorted to a women's shelter after she was released.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of Plaintiff's Complaint.

38.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies that it or its employees mistreated Plaintiff. Defendant denies that it or its employees failed to comply with the Americans with Disabilities Act. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

### CAUSES OF ACTION

**VIOLATIONS OF THE ADA AND REHABILITATION ACT BY DEFENDANTS CITY OF GREENVILLE, HUNT COUNTY, SHERIFF RANDY MEEKS IN HIS OFFICIAL CAPACITY, AND COUNTY JUDGE JOHN HORN IN HIS OFFICIAL CAPACITY.**

45. Defendant is not required to respond to the first sentence of paragraph 45 of Plaintiff's Complaint because it is a statement of law.[1] Defendant admits that it is a "public entity" as that term is defined in Title II of the Americans with Disabilities Act. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of Plaintiff's Complaint.

---

[1] By making this sort of response, Defendant is not intending to admit to Plaintiff's characterization of the law. Defendant contends that the applicable statutes and case law are the best evidence of what those statutes and cases state.

**Original Answer of Hunt County to Plaintiff's Second Amended Complaint**
26984/390311/jas                                                                                                                Page 6

46. Defendant is not required to respond to the first and second sentences of paragraph 46 of Plaintiff's Complaint because they are statements of law. Defendant admits that it receives federal grants under certain circumstances. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendant is not required to respond to paragraph 50 of Plaintiff's Complaint because it is a statement of law.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

### VIOLATIONS OF CHAPTER 121 BY DEFENDANT CITY OF GREENVILLE AND DEFENDANTS HUNT COUNTY, SHERIFF RANDY MEEKS IN HIS OFFICIAL CAPACITY, AND COUNTY JUDGE JOHN HORN IN HIS OFFICIAL CAPACITY

53. Defendant is not required to respond to paragraph 53 of Plaintiff's Complaint because it is a statement of law. Defendant denies the remaining allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendant is not required to respond to the first sentence of paragraph 55 of Plaintiff's Complaint because it is a statement of law.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

## VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENT BY DEFENDANT DUSTIN RAY

57. Defendant is not required to respond to the first and second sentences of paragraph 57 of Plaintiff's Complaint because they are statements of law. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's Complaint.

## RELIEF REQUESTED

### DECLARATORY RELIEF

60. Defendant admits that Plaintiff seeks the relief requested, but denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Defendant admits that Plaintiff seeks the relief requested, but denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations contained in paragraph 61 of Plaintiff's Complaint.

**INJUNCTIVE RELIEF**

62. Defendant admits that Plaintiff seeks the relief requested, but denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations contained in paragraph 62 of Plaintiff's Complaint.

**DAMAGES**

63. Defendant admits that Plaintiff seeks the relief requested, but denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Defendant admits that Plaintiff seeks the relief requested, but denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations contained in paragraph 64 of Plaintiff's Complaint.

**ATTORNEYS' FEES AND COSTS**

65. Defendant admits that Plaintiff seeks the relief requested, but denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations contained in paragraph 65 of Plaintiff's Complaint.

**JURY DEMAND**

66. Defendant admits that Plaintiff requests a jury trial and Defendant likewise requests a jury trial.

**PRAYER FOR RELIEF**

67. Defendant admits that plaintiff requests the relief listed, but denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations contained in the "Prayer for Relief" section of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant affirmatively pleads the defense of Eleventh Amendment immunity.

3. Defendant affirmatively pleads the application of statutory caps on damages.

4. Defendant affirmatively pleads that it had legitimate non-discriminatory reasons for its actions.

5. Defendant affirmatively pleads that to the extent Plaintiff proves that Defendant's decisions were motivated in part by Plaintiff's protected status, Defendant affirmatively pleads that it would have taken the same action against Plaintiff in the absence of Plaintiff's protected status or protected activity.

6. Defendant affirmatively pleads that to the extent that Plaintiff proves that she was subjected to unlawful discrimination, Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or otherwise failed to avoid harm.

Respectfully submitted,

   /s/ Thomas P. Brandt
**THOMAS P. BRANDT**
   State Bar No. 02883500
   tbrandt@fhmbk.com
**JOSHUA A. SKINNER**
   State Bar No. 24041927
   jskinner@fhmbk.com

**FANNING HARPER MARTINSON**
   **BRANDT & KUTCHIN, P.C.**
Two Energy Square

4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANT
HUNT COUNTY, TEXAS**

### CERTIFICATE OF SERVICE

This is to certify that on 2nd day of May, 2011, I electronically filed the foregoing document with the clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court, and that it reported that it was delivered to all attorneys of record.

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**