**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CESSY LAUDERDALE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:10-CV-01462-O-BH** |
| | ) | |
| **CITY OF GREENVILLE, TEXAS, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANT DUSTIN RAY'S ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Dustin Ray ("Ray"), Defendant in the above-entitled and numbered cause, and files this, his Original Answer to Plaintiff's Second Amended Complaint ("Plaintiff's Complaint") and in support thereof, respectfully shows the Court as follows:

**I.**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in the "Statement of Claim" in Plaintiff's Complaint, other than to state that he did not fail or refuse to reasonably accommodate Plaintiff, he did not discriminate against Plaintiff, and he did not violate any of her Constitutional rights.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 1 of Plaintiff's Complaint.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraphs 2 and 3 of Plaintiff's Complaint.

4.     Defendant denies the allegations contained in the first and fourth sentences of Paragraph 4 of Plaintiff's Complaint.  Defendant denies the remaining averments contained in Paragraph 4 of Plaintiff's Complaint, as stated, only admitting that he was employed by the Greenville Police Department ("GPD") on the date of Plaintiff's arrest.

5.     Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Defendant is not required to admit or deny the legal conclusions asserted by Plaintiff in Paragraph 6 of Plaintiff's Complaint, however, Defendant does not dispute this Court's jurisdiction over this case.

7.     Defendant denies Plaintiff's allegation that he violated Plaintiff's Constitutional rights as alleged in Paragraph 7 of Plaintiff's Complaint, but Defendant does not otherwise have any disputes with respect to venue.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 8 of Plaintiff's Complaint.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 9 of Plaintiff's Complaint.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 10 of Plaintiff's Complaint.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 11 of Plaintiff's Complaint.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 12 of Plaintiff's Complaint.

13.    Defendant denies the allegations in the third sentence of Paragraph 13. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in the remaining sentences of Paragraph 13.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 14 of Plaintiff's Complaint.

15.    Defendant admits the allegations in the first sentence of Paragraph 15 of Plaintiff's Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's averments contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint, as stated, admitting only that Plaintiff and the officer communicated back and forth, writing on a notepad, and that the officer asked Plaintiff for, *inter alia,* her name and date of birth.

17.   Defendant denies the allegations in the first sentence of Paragraph 17 of Plaintiff's Complaint.  Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint, as stated, admitting only that Plaintiff and the officer communicated back and forth, writing on a notepad, and that the officer asked Plaintiff for, *inter alia,* her name and date of birth.

18.   Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.   Defendant denies the allegations in the first sentence of Paragraph 19 of Plaintiff's Complaint, as stated, admitting only that Plaintiff wrote the letters "ADA".  Defendant denies the remaining allegations in the second, third and fourth sentences of Paragraph 19 of Plaintiff's Complaint.  Defendant denies the remaining allegations in the fifth and sixth sentences of Paragraph 19 of Plaintiff's Complaint, as stated.

20.   Defendant denies the allegations in the first sentence of Paragraph 20 of Plaintiff's Complaint, as stated, admitting only that Plaintiff was escorted outside in handcuffs, the car door was opened, and Plaintiff sat down in the back of a police car.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 20 of Plaintiff's Complaint, except that Defendant denies that Plaintiff was not allowed or prevented from communicating with the officers.

21.   Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations in the first, third, fourth and fifth sentences of
        Paragraph 22 of the Plaintiff's Complaint.  Defendant denies the allegations in the
        second sentence of Paragraph 22 of Plaintiff's Complaint, as stated, admitting
        only that various investigative methods could have been employed.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's
        Complaint.

24.     Defendant admits the allegations in the first sentence of Paragraph 24 of
        Plaintiff's Complaint.  Defendant denies the allegations in the second sentence of
        Paragraph 24 of Plaintiff's Complaint.

25.     Defendant is without knowledge or information sufficient to form a belief as to
        the truth of Plaintiff's averments contained in Paragraph 25 of Plaintiff's
        Complaint.

26.     Defendant is without knowledge or information sufficient to form a belief as to
        the truth of Plaintiff's averments contained in Paragraph 26 of Plaintiff's
        Complaint.

27.     Defendant is without knowledge or information sufficient to form a belief as to
        the truth of Plaintiff's averments contained in the first sentence of Paragraph 27 of
        Plaintiff's Complaint.  Defendant denies the allegations contained in the second
        sentence of Paragraph 27 of Plaintiff's Complaint.

28.     Defendant is without knowledge or information sufficient to form a belief as to
        the truth of Plaintiff's averments contained in Paragraph 28 of Plaintiff's
        Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies that Ms. Lauderdale was not able to understand or effectively communicate with Officer Ray during his encounter with her, as alleged in the last sentence of Paragraph 34 of Plaintiff's Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's averments contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies that Plaintiff was falsely arrested or that Officer Ray had any contact with Ms. Lauderdale on August 26, 2009, as alleged in Paragraph 35 of Plaintiff's Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's averments contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies that Officer Ray had any contact with Ms. Lauderdale on August 26, 2009, as alleged in Paragraph 37 of Plaintiff's Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's averments contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's averments contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 44 of Plaintiff's

Complaint, other than to deny any of the allegations contained therein that are directed at Officer Ray.

45.     Defendant is not required to admit or deny the claims in Paragraph 45 of Plaintiff's Complaint, if any, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

46.     Defendant is not required to admit or deny the claims in Paragraph 46 of Plaintiff's Complaint, if any, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant is not required to admit or deny the claims in Paragraph 50 of Plaintiff's Complaint, if any, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments contained in Paragraph 51 of Plaintiff's Complaint, other than to deny any of the allegations contained therein that are directed at Officer Ray.

52.     Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant is not required to admit or deny the claims in Paragraph 53 of Plaintiff's Complaint, if any, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

54.     Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.   Defendant is not required to admit or deny the claims in Paragraph 55 of Plaintiff's Complaint, if any, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

56.   Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.   Defendant is not required to admit or deny the claims in Paragraph 57 of Plaintiff's Complaint, if any, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

58.   Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.

59.   Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

60.   Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.   Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.   Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.   Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.   Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.   Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.   Defendant is not required to admit or deny the claims, if any, made in the jury demand and Prayer contained in Plaintiff's Complaint but Defendant denies that Plaintiff is entitled to any relief whatsoever.

## II.

<u>AFFIRMATIVE DEFENSES</u>

1.      Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

2.      Defendant further affirmatively pleads that Plaintiff's allegations merely allege a negligence cause of action (if any) and, as such, fail to state a Constitutional claim because long-established precedent establishes as a matter of law that negligence cannot form the basis of a Constitutional claim.

3.      Defendant affirmatively pleads that the acts complained of by Plaintiff were not caused by any constitutionally defective official policy, practice or custom of the City of Greenville.

4.      Defendant affirmatively pleads that he did not violate clearly established law of which a reasonable person would have known.

5.      Defendant affirmatively pleads that probable cause existed for the arrest and detention of Plaintiff.

6.      Defendant affirmatively pleads that no deprivation of Plaintiff's rights occurred.

7.      Defendant affirmatively pleads that he is entitled to the defense of qualified and/or official immunity as to Plaintiff's claims, and that on the occasion in question, he acted without malice; he acted without an intent to deprive Plaintiff of any legally protected rights; that he acted with a reasonable, good faith belief that his actions were lawful, proper and pursuant to the scope of his discretionary authority as a police officer; that his actions were objectively legally reasonable;

and that he did not violate clearly established law of which a reasonable person would have known.

8.      Defendant affirmatively pleads that he did not violate clearly established law of which a reasonable person would have known, and at all times, his conduct was objectively legally reasonable.

9.      Defendant affirmatively pleads that no act or omission on his part proximately caused any of Plaintiff's alleged injuries or damages.

Defendant reserves the right to assert additional affirmative defenses to the extent such are subsequently established during discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant Dustin Ray prays that Plaintiff take nothing by this suit, that all relief requested by Plaintiff be denied, that he recover all costs of suit including reasonable attorney's fees, and for such other and further relief, general or special, at law or at equity, to which he may be justly entitled.

Respectfully submitted,

WALKER BRIGHT PC
100 North Central Expressway, Suite 800
Richardson, Texas  75080
Telephone:     (972) 744-0192
Telecopier:    (972) 744-0067

//s// Gerald Bright
      GERALD BRIGHT
      State Bar No. 02991720
      DAVID CRAFT
      State Bar No. 00790522

**ATTORNEYS FOR DEFENDANT
DUSTIN RAY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing Defendant Dustin

Ray's Original Answer has served on all counsel of record through the Electronic Case

Filing System of the Northern District of Texas on this the 3rd day of May, 2011.

  //s// Gerald Bright
Gerald Bright/David Craft